**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

HENRY A. WILLIAMS                                                                                            PLAINTIFF
REG. #19967-076

V.                                       NO: 2:12CV00060 BSM/HDY

FORREST CITY
MEDICAL CENTER *et al.*                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Henry A. Williams, currently incarcerated at the Federal Medical Center in Fort Worth, Texas, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that he was denied adequate medical care when he was held at the Federal Correctional Institution in Forrest City. In his original complaint, Plaintiff named as Defendants the Forrest City Medical Center, the United States Bureau of Prisons, and certain John Does. Because Plaintiff's complaint was too vague to determine if he stated a claim for relief against Defendants, and because it appeared that Plaintiff wished to add further Defendants, Plaintiff was ordered to file an amended complaint. On July 20, 2012, Plaintiff filed the amended complaint, adding as a Defendant the St. Francis County Hospital.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Although Plaintiff has named as Defendants two medical facilities and the Bureau of Prisons, it is clear from Plaintiff's complaint and amended complaint that his claims are actually that the individuals he has currently identified as John Does are the ones he contends violated his constitutional rights.  To the extent that Plaintiff is seeking to hold the Forrest City Medical Center or the St. Francis County Hospital responsible for the actions of medical providers working at those facilities, the Court notes that a local government may not be sued on a *respondeat superior* theory.  *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  In order to establish municipal liability, Plaintiff must prove a policy, practice, or custom, attributable to the municipality, and show

that the policy, practice, or custom, directly caused a constitutional injury. *See Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1094 (8th Cir. 2004). Plaintiff has not even made such an allegation. Additionally, Plaintiff cannot maintain a civil rights action against the Bureau of Prisons because a *Bivens* action "is only available against federal officers, not government entities." *Hartje v. F.T.C.*, 106 F.3d 1406, 1408 (8th Cir.1997). Thus, Plaintiff's claims against the Forrest City Medical Center, the St. Francis County Hospital, and the United States Bureau of Prisons, should be dismissed. Plaintiff's claims against the Forrest City Medical Center and St. Francis County Hospital should be dismissed without prejudice, in order to allow Plaintiff to pursue any state law claims which may be available to him. Plaintiff's claims against the United States Bureau of Prisons should be dismissed with prejudice.

Although Plaintiff was directed to provide names for the individuals who were involved in his medical care, he has not done so. According to Plaintiff, he has been unable to obtain names from the hospitals where he was treated, and he has requested appointment of counsel, and an order from this Court directing the Forrest City Medical Center, the St. Francis County Hospital, and the Bureau of Prisons, to produce all his records. Even if Plaintiff provided names for the Does, there is no indication that they are state actors. It appears that, at most, Plaintiff may have alleged a state malpractice claim against them. Plaintiff's allegations at this time are insufficient to justify appointment of counsel in this federal civil rights action, and it is not the Court's role to prosecute Plaintiff's lawsuit. However, Plaintiff's claims against the John Does should be dismissed without prejudice, so that Plaintiff can move to reopen this case, or file a new state or federal lawsuit, if he can obtain their names.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against the United States Bureau of Prisons, and DISMISSED WITHOUT PREJUDICE in all other respects.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   15   day of August, 2012.

*/s/ H. D.*

UNITED STATES MAGISTRATE JUDGE