**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

HENRY A. WILLIAMS                                                                    PLAINTIFF
REG. #19967-076

V.                                          NO: 2:12CV00060 BSM/HDY

FORREST CITY
MEDICAL CENTER *et al.*                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

1

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Henry A. Williams, a federal inmate, filed a *pro se* complaint on April 2, 2012, alleging that he was denied adequate medical care when he was held at the Federal Correctional Institution in Forrest City. In his original complaint, Plaintiff named as Defendants the Forrest City Medical Center, the United States Bureau of Prisons, and certain Jane and John Does. Because Plaintiff's complaint was too vague to determine if he stated a claim for relief against Defendants, and because it appeared that Plaintiff wished to add further Defendants, Plaintiff was ordered to file an amended complaint (docket entry #3). The Court noted at that time that without specific names, the Court would be unable to attempt service. On July 20, 2012, Plaintiff filed the amended complaint, adding as a Defendant the St. Francis County Hospital, but providing no names for the Does (docket entry #8).

On August 15, 2012, the undersigned recommended that Plaintiff's complaint be dismissed with prejudice with respect to his claims against the Bureau of Prisons, and without prejudice in all

other respects (docket entry #11).  The recommendation noted that a *Bivens* claim is not available against a government entity such as the Bureau of Prisons, and Plaintiff's claims against the medical facilities were based on an inappropriate *respondeat superior* theory.  The recommendation further noted that Plaintiff had not provided names for the individuals who provided his medical care, despite an order to do so, and also concluded that there was no indication that any individual was a state actor, and Plaintiff may have at most alleged a state malpractice claim against the unidentified Does.  However, the recommendation was to dismiss the claims against the Does without prejudice to allow Plaintiff to move to reopen the case, or to file a new federal lawsuit, if he obtained the Doe names.

Plaintiff objected to the recommendation, and sought additional time to obtain the names of the individuals who provided him medical care (docket entry #12).  On December 11, 2012, Judge Miller rejected the recommendation, and granted Plaintiff an opportunity to file another amended complaint (docket entry #13).  Plaintiff filed an amended complaint on January 16, 2013 (docket entry #15).  On February 8, 2013, Judge Miller granted Plaintiff's motion for appointment of counsel, and appointed attorney Donald R. Etherly as Plaintiff's counsel for the limited purposes of assisting Plaintiff in obtaining the medical records he referenced in his motion and amended complaint (docket entry #17).  Judge Miller has referred the case to the undersigned for screening of Plaintiff's second amended complaint (docket entry #24).

## I.  Screening

The Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader

is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling

*Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon

which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of

his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do....Factual allegations must be enough to raise a right

to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure

§ 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief

that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's

allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d

1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Plaintiff's claims

Although Plaintiff has now filed two amended complaints, the same deficiencies persist.  As

previously noted, Plaintiff has failed to state a claim for relief against the Forrest City Medical

Center, the United States Bureau of Prisons, and the St. Francis County Hospital, and he has not

provided specific names for the John Doe Defendants.  Even if Plaintiff provided specific names for

the Does, the allegations he has made against them describe what might be a state law claim which

should be filed a state court, but not a constitutional violation.  Accordingly, Plaintiff's complaint

should be dismissed.[1]  The dismissal should be with prejudice with respect to the United States

---

[1]Although Plaintiff has indicated that he does not wish to name the Bureau of Prisons or the
Federal Government as a Defendant (docket entry #12), the Bureau of Prisons is currently identified
as a Defendant.  To the extent that Plaintiff may be attempting to advance a claim pursuant to the
Federal Tort Claims Act, the Court notes that the USA is the only proper Defendant in an FTCA
action.  *See* 28 U.S.C. 1346(b)(1).

Bureau of Prisons, and without prejudice in all other respects.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.       Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against the United States Bureau of Prisons, and DISMISSED WITHOUT PREJUDICE in all other respects.

2.       The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   2    day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE